```
 1                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2


 3


 4     * * * * * * * * * * * * *
      UNITED STATES OF AMERICA     *
 5                                 *    CRIMINAL ACTION
                     v.            *    No. 19-mj-06087-MPK-13, 14, 16
 6                                 *
      ELIZABETH HENRIQUEZ,         *
 7    MANUEL HENRIQUEZ, and        *
      FELICITY HUFFMAN             *
 8            Defendants           *
       * * * * * * * * * * * * *
 9


10


11


12              BEFORE THE HONORABLE M. PAGE KELLEY
                 UNITED STATES MAGISTRATE JUDGE
13                    INITIAL APPEARANCE
                       April 3, 2019
14


15


16


17


18


19


20
                            Courtroom No. 18
21                          1 Courthouse Way
                            Boston, Massachusetts 02210
22


23               JAMES P. GIBBONS, RPR/RMR
                   Official Court Reporter
24             1 Courthouse Way, Suite 7205
                Boston, Massachusetts  02210
25                jamesgibbonsrpr@gmail.com
```

1    APPEARANCES:

2

3            UNITED STATES ATTORNEY'S OFFICE, (By AUSA Eric S.
     Rosen, AUSA Justin D. O'Connell, and AUSA Leslie Wright,
     AUSA) 1 Courthouse Way, Suite 9000,  Boston,
4    Massachusetts, 02210, on behalf of the United States of
     America

5
             ROPES & GRAY, LLP - MA, (By Aaron M. Katz, Esq.)
6    Prudential Tower, 800 Boylston Street, Boston,
     Massachusetts, 02199-3600, on behalf of Elizabeth
7    Henriquez

8            ORRICK, HERRINGTON & SUTCLIFFE, LLP, (By Melinda
     Haag, Esq., and Walter Brown, Esq.) 405 Howard Street,
9    San Francisco, California  94105, on behalf of Manuel
     Henriquez

10
             FOLEY HOAG, LLP, (By Martin F. Murphy, Esq., and
11   Julia G. Amrhein, Esq.) Seaport World Trade Center West,
     155 Seaport Boulevard, Boston, Massachusetts, 02210, on
12   behalf of Felicity Huffman

13           WHITE & CASE, LLP, (By Michael Kendall, Esq., and
     Yakov Malkiel, Esq.) 75 State Street, Boston,
14   Massachusetts 02109, on behalf of John Wilson

15           MINER ORKAND SIDDALL, LLP, (By Tracy A. Miner,
     Esq.) 470 Atlantic Avenue, 4th Floor, Boston,
16   Massachusetts   02210, on behalf of Homayoun Zadeh

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2                         E X C E R P T

 3                      * * * * * * * *

 4            THE CLERK:  All rise.

 5       (Whereupon, the Court entered the courtroom.)

 6            THE CLERK:  Today is Wednesday, April 3, 2019, and

 7   we are on the record in Magistrate Case No. 19-6087, the

 8   United States of America versus John Wilson and Homayoun

 9   Zadeh, the Honorable M. Page Kelley presiding.

10       Counsel, please identify yourselves for the record.

11            MR. ROSEN:  Good afternoon, your Honor.  Eric Rosen

12   for the government.

13            THE COURT:  Good afternoon.

14            MR. O'CONNELL:  Good afternoon, your Honor.  Justin

15   O'Connell for the government.

16            THE COURT:  Good afternoon.

17            MS. WRIGHT:  And Leslie Wright for the government,

18   your Honor.

19            THE COURT:  Good afternoon.

20            MR. KENDALL:  Good afternoon, your Honor.  Mike

21   Kendall and Yakov Malkiel for John Wilson, and we thank the

22   Court for the schedule to deal with our trial disruption.

23            THE COURT:  You're welcome.

24       Good afternoon, Mr. Wilson.

25            MS. MINER:  Good afternoon, your Honor.  Tracy
```

1    Miner for Mr. Zadeh, and I join in the thanks.

2            THE COURT:  Thank you very much.

3        Good afternoon, Mr. Zadeh.

4            DEFENDANT ZADEH:  Good afternoon.

5            THE COURT:  So, I just want to address those who

6    are here for their initial appearance today, and I want to

7    make a few general announcements and just explain how we are

8    going to proceed here this afternoon.

9        So, the rules of criminal procedure require me to go

10   through a certain colloquy with a person at their initial

11   appearance, and we can streamline things quite a bit here

12   today if everyone will just listen to what I say to

13   Mr. Wilson; and then I can just ask you, when it is your

14   turn, whether you heard what I said and understand the

15   various things on the list that I have to go through.

16           Specifically, I need to make sure everyone understands

17   their right to remain silent, that they heard the government

18   state the charges and the maximum penalties.

19       I need to make sure you understand the charges against

20   you.

21       I need to know what you plan to do regarding your right

22   to have a preliminary hearing, and I don't know if everyone

23   has seen the form.  If you are going to waive it, you need

24   to sign a form, and we have those on the tables here.

25           And I'm going to go through the conditions of release

```
1    for each person.
2         So, with regard to the bonds, I am just going to leave
3    the bonds as they were in the district in which you got
4    released originally.  I am happy to hear argument on that,
5    but otherwise the bond will just remain the same.  It will
6    be transferred here, and you need not do anything about
7    that.
8         I just want to say a few general things about the
9    conditions.  I am trying to give everyone an individualized
10   look with regard to your conditions, but, at the same time,
11   I am trying to be fair and impose the same burdens on
12   everyone.
13        And so I think everyone knows that I am not inclined to
14   allow personal international travel.  If you want me to
15   consider an exception to that, I am happy to do that.  You
16   can file a motion, but, in general, I am discouraging that.
17        With regard to business travel, I really expect that
18   business travel should be for a significant purpose and
19   necessary to the person's livelihood.  So I would just ask
20   you to be choosy about the business travel that you request.
21        I am not going to mention international travel on each
22   person's Conditions of Release, but the process will be that
23   you will file a motion for business travel, and you need to
24   consult with Probation and the government first.  And then
25   you will return -- if the motion is granted, you'll collect
```

1    your passport from Probation prior to the travel and return

2    it afterward, and I am really asking that you try to keep

3    those requests to a minimum.

4        With regard to travel within the United States, I am

5    going to let each person just work out the terms of that

6    with their pretrial release officer.  So if your officer

7    wants you to tell them in so many days in advance and give

8    them an itinerary, et cetera, you can just work that out

9    with your individual person.  And if that proves to be

10   troublesome and you're having disagreements about that, you

11   can just talk to your lawyer and bring it to the Court.

12       I am going to ask everyone not to have firearms in

13   their homes, and the Condition will state that you are not

14   to possess a firearm.  And what I am asking -- I know many

15   people do have firearms -- that you just get them out of

16   your house, because if you are going to be supervised by

17   Pretrial Services, there should not be firearms in your

18   house when they are coming to your house.  And so for the

19   pendency of the case just put the firearms somewhere else,

20   and give your Pretrial Services officer some kind of

21   validation that you did that.

22       One of the conditions is that you do not violate any

23   federal, state, or local law while on release, and,

24   typically, there is a box on the Conditions for not

25   possessing any narcotic drugs illegally.  And I have not

1    been checking that off, because I do not think it is

2    necessary because I think it is covered under the admonition

3    that you not commit any further crimes.  But, just for

4    everyone, you are not to possess any narcotic drugs unless

5    they are prescribed by a doctor.

6        And, finally -- and I am happy to hear the government's

7    argument on this -- I have been imposing a condition that

8    people are not to speak or have direct or indirect contact

9    with victims or witnesses in the case and co-defendants

10   except in the presence of counsel.  And one of the

11   conditions I had imposed earlier on other people was that

12   that included -- they could have contact with family members

13   but not discuss the case except in the presence of counsel.

14   And I have rethought that, and I am not inclined to not

15   allow family members to discuss the case.

16        I just do not think that is realistic, and I do not

17   think it is good for parents not to be able to talk to their

18   children, for example, except in the presence of their

19   lawyer about the case.

20        So I am not going to impose that, and for people who

21   had that imposed earlier, I am going to revisit that.

22        I am happy to hear you, Mr. Rosen.

23        MR. ROSEN:  Just -- I don't oppose -- we don't

24   oppose a general, you know, nonprohibition on discussing of

25   the case in terms of proceedings and what's going on and

```
1    where they are in the case and that type of thing.

2         I do think, though, it would be problematic to -- for a

3    father or a mother to discuss the factual events that went

4    into making the case, for example, what they knew and sort

5    of shaping of various testimony.  Because they are --

6    technically, children are witnesses to these events.  They

7    all have various levels of knowledge.

8         So I would ask that any discussions about the actual

9    facts as they occurred at that time be limited to with their

10   counsel.

11              MR. KENDALL:  Your Honor, if I may address that?

12              THE COURT:  Yes.

13              MR. KENDALL:  We certainly understand and don't

14   need to be instructed or admonished about rules of integrity

15   of witnesses.

16        He's a father.  He's got a son enrolled in a

17   university.  We may need to deal with things with the

18   university or with the son's education.  To tell the father

19   that I have to be present for every discussion with his son

20   about his education, I think, is unrealistic.

21        We understand the obligation of not, you know,

22   affecting somebody and their integrity as a witness, but a

23   father has to advise his son, and I'd ask that there not be

24   any specific rules restricting that.

25              THE COURT:  Okay.
```

1      Yes, Mr. Miner?

2          MS. MINER:  Your Honor, I would join in that.  I

3   think it's unrealistic, especially when you're talking about

4   college kids.  You can't control what they say.  You can't.

5   Obviously, it's a family issue, and I don't know how you

6   would even monitor it, to tell you the truth.  So I think

7   that family members should be excluded.

8          THE COURT:  Okay.

9      I hear you, Mr. Rosen, and I understand why you are

10  saying that, and I do not think it is an outlandish

11  requirement, but I do think it is just unmanageable.  And on

12  some level I just do not think it is right to impose that

13  condition.

14     I would just admonish everyone to talk to your

15  lawyer -- if you are involved in this case, to talk to your

16  lawyer about obstruction of justice because that -- you

17  don't want to get in trouble for trying to influence

18  someone's testimony.  And also, if a child ever was a

19  witness in the case, they could certainly be asked what they

20  had discussed, and you just want to be careful about that.

21  So I would just ask you to please discuss that with your

22  lawyer.

23     Okay.  So after I finish with each person, the people

24  who are sitting here in front of the bar, I am going to just

25  give them a minute to look at their Conditions and sign

1    them, and then the clients need to go down to the Probation

2    Office and meet with a probation officer.  And also we'll

3    need to have the signed Preliminary Hearing Waiver Form, if

4    you have that.

5         And, finally, before we get started, I would just like

6    to kind of warn everyone that the microphones are live, and

7    they don't necessarily amplify your voice, but they are

8    picking up what you're saying.  So if a lawyer and their

9    client are talking in the proximity of one of those

10   microphones, it can be streamed to another courtroom or

11   otherwise picked up.  So you will want to just reach down

12   and press the tab and make sure that green light goes off if

13   you're talking privately.

14        So, Mr. Wilson, I am going to address my comments to

15   you.

16        First of all, you have a right to remain silent.

17   Anything you say can be used against you.  If you decide to

18   answer questions or make a statement, you can stop talking

19   at any time if you change your mind, and you also have the

20   right to have a lawyer with you if you decide to answers

21   questions or make a statement.

22        Do you understand your right to remain silent?

23        DEFENDANT WILSON:  Yes, your Honor.

24        THE COURT:  I am going to ask the government to

25   state the charges and the maximum possibly penalties.

1          MR. ROSEN:  There is only one charge for all the

2    defendants present here, except for the Colburns, who will

3    be arraigned later, but it's a one-count conspiracy to

4    commit mail fraud and honest services mail fraud; a maximum

5    penalty of the 20 years in prison; supervised release for

6    three years; a fine of $250,000, or twice the gross gain or

7    loss, whichever is more; a special assessment of $100 per

8    count, the one count here; restitution and forfeiture, if

9    there's any applicable, at a later date.

10        (Whereupon, the Court conducted inquiry of

11   co-defendants.)

12        THE CLERK:  Elizabeth Henriquez, Manuel Henriquez,

13   Felicity Huffman, and counsel come up to the tables.

14        (Pause in proceedings.)

15        THE CLERK:  Would Counsel please identify

16   themselves for the record.

17          MR. BROWN:  Good afternoon, your Honor.  Walter

18   Brown on behalf of Manuel Henriquez.

19          MS. HAAG:  And Melinda Haag, also on behalf of

20   Manuel Henriquez, your Honor.

21          THE COURT:  Good afternoon.

22          MR. KATZ:  Good afternoon, your Honor.  Aaron Katz

23   on behalf of Elizabeth Henriquez.

24          THE COURT:  Good afternoon.

25          MR. MURPHY:  Good afternoon, your Honor.  Martin

1    Murphy on behalf of Ms. Huffman.

2              MS. AMRHEIN:  Good afternoon, your Honor.  Julia

3    Amrhein, also on behalf of Ms. Huffman.

4              THE COURT:  Good afternoon.

5         Mrs. Henriquez, did you hear me explain your right to

6    remain silent, and do you understand that right?

7              DEFENDANT ELIZABETH HENRIQUEZ:  Yes, I do.

8              THE COURT:  Do you understand the charges against

9    you?

10             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, I do.

11             THE COURT:  You heard the government state the

12   maximum possible penalties?

13             DEFENDANT ELIZABETH HENRIQUEZ:  Yes.

14             THE COURT:  And you understand that you have the

15   right to a preliminary hearing, and what would you like to

16   do with regard to that?

17             MR. KATZ:  We've executed the waiver, your Honor.

18             THE COURT:  Okay.  So you have the right to the

19   hearing, but you don't wish to have it?

20             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, your Honor.

21             THE COURT:  So I will find that your waiver is

22   knowing and voluntary.

23        And with regard to the conditions of your release, they

24   are the same as I read out for Mr. Wilson.  Any questions

25   about that?

```
1              DEFENDANT ELIZABETH HENRIQUEZ:  No, your Honor.

2              THE COURT:  Okay.

3         Anything from the government?

4              MR. ROSEN:  No, your Honor.

5              THE COURT:  Probation?

6              PROBATION OFFICER:  Your Honor, I just want to make

7    it clear that the Henriquezes have ten firearms, and that

8    they have to be removed from the home, where they previously

9    had a passcode change, a friend's in possession of the

10   passcode, and that your Honor wishes that they be completely

11   removed from the home.

12             THE COURT:  Okay.

13        So, you will need to have the firearms out of your

14   primary residence, okay?

15             MS. HAAG:  Your Honor, we're happy to work with law

16   enforcement.  In my experience, it can be somewhat

17   complicated to transport weapons like that, so we'll

18   certainly talk with Pretrial Services and work with law

19   enforcement to accomplish that.

20             THE COURT:  Okay.  And I'm not going to set any

21   deadlines for that, but you should talk to the Pretrial

22   Services officer where you live, and whatever conditions

23   they set, the time line, et cetera, you need to abide by

24   that, okay?

25             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, your Honor.
```

```
1              THE COURT:  Mr. Henriquez, you heard me explain
2     your right to remain silent?
3              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
4              THE COURT:  You understand that right?
5              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
6              THE COURT:  And you have been over the charges with
7     your lawyer and understand the charges against you?
8              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
9              THE COURT:  And you heard the government state the
10    maximum possible penalty?
11             DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
12             THE COURT:  And you also have the right to a
13    preliminary hearing, and what would you like to do about
14    that?
15             MS. HAAG:  We have executed the waiver as well.
16             THE COURT:  Okay.
17        So you have the right to the hearing, but you have
18    chosen not to have it?
19             DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
20             THE COURT:  So I'll find that your waiver is
21    knowing and voluntary.
22        And your conditions are the same as well.  Any
23    questions about that?
24             DEFENDANT MANUEL HENRIQUEZ:  No, your Honor.
25             THE COURT:  The government?
```

```
1                    MR. ROSEN:  Nothing, your Honor.

2                    THE COURT:  And, Probation, other than the

3       firearms?

4                    PROBATION OFFICER:  No.

5                    THE COURT:  Okay.

6            So, Ms. Huffman, you heard me explain your right to

7       remain silent?

8                    DEFENDANT HUFFMAN:  Yes, your Honor.

9                    THE COURT:  And you understand that?

10                   DEFENDANT HUFFMAN:  Yes.

11                   THE COURT:  And you understand the charges against

12      you?

13                   DEFENDANT HUFFMAN:  Yes, your Honor.

14                   THE COURT:  And you heard the government state the

15      charges and the maximum possible penalties?

16                   DEFENDANT HUFFMAN:  Yes, your Honor.

17                   THE COURT:  And what is your wish with regard to

18      your preliminary hearing?

19                   MR. MURPHY:  Your Honor, I have spoken about it

20      with Ms. Huffman, and she and I have each executed the

21      waiver.

22                   THE COURT:  Thank you, Mr. Murphy.

23           So you do not wish to have the hearing, Ms. Huffman?

24                   DEFENDANT HUFFMAN:  No, your Honor.

25                   THE COURT:  So I will find that your waiver is
```

```
 1    knowing and voluntary.

 2         You have the same conditions.

 3         Anything to say about that?

 4             MR. O'CONNELL:  No, your Honor.

 5             THE COURT:  Mr. Murphy?

 6             MR. MURPHY:  No, your Honor.  Thank you.

 7             THE COURT:  Nothing from Probation?

 8             PROBATION OFFICER:  No, your Honor.  Thank you.

 9             THE COURT:  All right.  So, we'll just print those

10    out.  You can sign them and go downstairs.

11         (Pause in proceedings.)

12             MR. MURPHY:  Thank you, your Honor.

13             MR. KATZ:  Thank you.

14             MR. BROWN:  Thank you, your Honor.

15         ...end of excerpt.

16

17

18

19

20

21

22

23

24

25
```

# C E R T I F I C A T E

I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/s/James P. Gibbons                      April 10, 2019
    James P. Gibbons


JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts 02210
jamesgibbonsrpr@gmail.com