UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> (18)  HOMAYOUN ZADEH, </br></br> Defendant | ) </br> ) </br> ) </br> ) </br> ) Criminal No.: 19-10080-NMG </br> ) </br> ) </br> ) </br> ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government submits this memorandum in connection with the sentencing of defendant Homayoun Zadeh. The parties have entered into a plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C), and, for the reasons set forth below, the government respectfully requests that the Court impose the agreed-upon disposition: a term of imprisonment of six weeks, a $20,000 fine, and one year of supervised release with 250 hours of community service.

### I.      THE OFFENSE CONDUCT

Zadeh conspired with William "Rick" Singer and others to facilitate his daughter's admission to the University of Southern California ("USC") by agreeing to make payments styled as "donations" to Singer's non-profit, the Key Worldwide Foundation ("KWF") in exchange for her admission and presenting her as a fake lacrosse player.  PSR ¶ 42.  Zadeh deducted some of these payments from his federal income tax returns, thereby inflating his refund.

Consistent with the process Singer utilized with his other clients with which the Court is already familiar, Zadeh caused his daughter's SAT score and high school transcript to be emailed to Singer, and Zadeh himself emailed Singer a cheerleading photo of his daughter.  *Id.* ¶¶ 47-48. Singer sent these materials to a co-conspirator, Laura Janke, to make a fake lacrosse profile.  *Id*. On or about December 20, 2016, Singer emailed Zadeh and asked him for his daughter's email address and cell phone number "for her profile."  *Id.* ¶ 49.   After Zadeh did not respond, Singer

obtained this information from his assistant, Mikaela Sanford.  *Id.*  Using the fake profile, USC's Senior Women's Administrator Donna Heinel presented Zadeh's daughter to the USC Subcommittee on Athletic Admissions ("Subco") on or about March 15, 2017.  The Subco approved Zadeh's daughter's admission to USC as a lacrosse recruit, despite the fact that, unbeknownst to the committee, she did not play the sport and had not actually been recruited by USC's lacrosse coach.  *Id.* ¶ 52.  The next day, Singer directed his bookkeeper, Steven Masera, to send a $50,000 check from KWF, payable to USC Women's Athletics, to Heinel's attention.  *Id.* ¶ 53.  Notably, Zadeh was familiar with the proper way to donate to USC, as he had made significant donations in the past and even acted as an intermediary between Singer and USC's development office in an unrelated matter.  *Id.* ¶¶ 43-44 (Zadeh explained to Singer that the USC development office is "tasked with interfacing with donors and contributors of USC").

When Zadeh's daughter pushed back on attending USC because of a concern that she did not get in on her own merits, Zadeh texted Singer that he had "not shared anything about our arrangement but somehow she senses it."  *Id.* ¶¶ 54-55.  Despite his daughter's hesitation, Zadeh committed to Singer that he would "go through with our arrangement" but did not have the funds available to pay $100,000, "half [] now to USC" and "half [] in the fall."  *Id.* ¶ 55.  In response, Singer explained that he had already sent $50,000 "to my contact as a donation so there is no conflict internally because you are designated as a giver through another department but that was not the group who helped," and that group "wants the credit and funds so it is cleaner through me."  *Id.* ¶ 56.  Singer then agreed Zadeh could pay the $100,000 over six months, and offered that Zadeh could "send to my foundation as a donation/write off or if you have your own company we can invoice you as a business consulting fee from our profit business and you write off as an expense."

2

*Id.* Zadeh thanked Singer and said he would check with his CPA "to see which path is preferable." *Id.* ¶ 57.

Between May 30, 2017 and December 10, 2018, Zadeh and his spouse paid $65,000 to KWF toward the $100,000 owed. *Id.* ¶ 77. Zadeh's spouse obtained tax receipts from Masera for the donations, and in tax year 2017, Zadeh and his spouse deducted approximately $30,000 in payments to KWF as charitable contributions, thereby inflating their refund by approximately $8,400. *Id.* ¶¶ 68, 71-73.

In a consensually recorded call on or about October 25, 2018, Singer, at the direction of law enforcement, told Zadeh that the IRS was auditing KWF. *Id.* ¶ 74. In response to Singer's statements that he was not going to tell the IRS that "we got [Zadeh's daughter] in through lacrosse . . . . And Donna Heinel and at USC" and that "we created a profile that wasn't real . . . . for lacrosse," Zadeh repeatedly replied "Right." *Id.*

## II.     SENTENCING RECOMMENDATION

While Zadeh has pled guilty to tax fraud, his underlying conduct is similar to that engaged in by other parents who participated in Singer's "side door" scheme. Like these parents, Zadeh agreed with Singer to pay for an illicit guarantee of admission to an elite university, effectively buying his daughter an admission spot that should have gone to a more deserving applicant. Although Zadeh disputes that he was aware that his daughter would be presented as a fake lacrosse recruit, there is no dispute that Singer advised him he was creating a profile, that Zadeh sent Singer a photograph of his daughter cheerleading, and that Janke thereafter created the fake profile and Heinel used it to secure the admission of Zadeh's daughter as a purported lacrosse recruit. And, as noted above, Zadeh acknowledged these facts in a recorded call with Singer, and they counsel

in favor of a longer sentence than would typically be imposed for the tax crime to which Zadeh pled guilty.

At the same time, there are factors that place Zadeh among the less culpable of the defendants who engaged in the college recruitment scheme, including that he engaged in the scheme only once, paid less than most other defendants, shielded his daughter from the scheme, and waived venue in order to plead guilty and accept responsibility for the tax fraud he committed. The government also does not dispute the difficult circumstances of Zadeh's childhood in Iran, or the collateral consequences that have resulted from his conviction.

A sentence of six weeks' imprisonment for Zadeh is comparable to the sentences that have been imposed on similarly situated defendants in this and related cases. As examples:

- Defendant Diane Blake was sentenced to six weeks in prison after agreeing to pay $250,000 to facilitate her daughter's admission to USC as a fake volleyball player. Like Zadeh, she engaged in the scheme once and did not involve her daughter in the scheme.

- Defendant Lori Loughlin was sentenced to two months in prison after agreeing to pay $500,000 to facilitate her two daughters' admission to USC as fake coxswains. In contrast to Zadeh, Loughlin participated in the scheme twice and made her daughters complicit in her fraud.

- Defendant Jeffrey Bizzack was sentenced to two months in prison after agreeing to pay $250,000 to facilitate his son's admission to USC as a fake volleyball player. Like Zadeh, Bizzack did not involve his son in the scheme.

In addition to avoiding unwarranted sentencing disparities, the proposed sentence reflects the seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to constitute just punishment and provide for adequate deterrence. *See* 18 U.S.C. § 3553(a). The proposed sentence is, accordingly, sufficient but not greater than necessary to achieve the ends of Section 3553(a).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court accept the agreed-upon sentence of six weeks' imprisonment, a $20,000 fine, and one year of supervised release with 250 hours of community service.

                                              Respectfully submitted,

                                              NATHANIEL R. MENDELL
                                              Acting United States Attorney

                                    By: */s/ Kristen A. Kearney*
                                              LESLIE A. WRIGHT
                                              KRISTEN A. KEARNEY
                                              STEPHEN E. FRANK
                                              IAN J. STEARNS
                                              Assistant United States Attorneys

Date:   November 5, 2021


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on November 5, 2021 will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

                                    By:    */s/ Kristen A. Kearney*
                                              KRISTEN A. KEARNEY
                                              Assistant United States Attorney